OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

February 26, 2002

The Honorable Mike Moncrief
Chairman
Committee on Health and Human Services
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0470

Re: Meaning of "rehabilitation" for purposes of title 5 of the Texas Human Resources Code, which relates to services for the blind and visually handicapped (RQ-0429-JC)

Dear Senator Moncrief:

On behalf of a constituent, you have asked this office for a definition of "rehabilitation" for the purposes of title 5 of the Human Resources Code. While we can provide you with the statutory definition of "vocational rehabilitation," we caution that the resolution of any dispute as to whether a particular member of the public has received adequate rehabilitative services would require factual determinations of a sort this office cannot make in the opinion process. Accordingly, we cannot resolve such a controversy.

As we understand it, the question before us arises from a dispute between Mr. Allen Cole and the Criss Cole Rehabilitation Center (the "CCRC") concerning the adequacy of services provided by the CCRC to Mr. Cole.[1] You have asked, on Mr. Cole's behalf, for "an opinion of the legal definition of 'rehabilitation,' as it pertains to the Criss Cole Rehabilitation Center and the Texas Commission for the Blind." Request Letter, *supra* note 1.

The Texas Commission for the Blind (the "Commission") is charged by section 91.052 of the Human Resources Code to "conduct a program to provide vocational rehabilitation services to eligible blind disabled individuals." TEX. HUM. RES. CODE ANN. § 91.052(a) (Vernon 2001). As part of its program to provide such services, it operates the CCRC, "a comprehensive rehabilitation facility . . . in Austin, Texas." 40 TEX. ADMIN. CODE § 162.1 (2001).

We have found no definition of the word "rehabilitation" standing alone in title 5 of the Human Resources Code, which governs the Commission and services for the blind and visually handicapped generally. However, the terms "vocational rehabilitation," "vocational rehabilitation services," and "rehabilitation training" are defined in subchapter D of chapter 91 of the Code:

---

[1]Letter from Honorable Mike Moncrief, Texas State Senator, to Honorable John Cornyn, Texas Attorney General (Sept. 4, 2001) (on file with Opinion Committee) (letter of July 9, 2001, from Ernest Allen Cole to Alisha Turnbull attached) [hereinafter Request Letter].

> (6) "Vocational rehabilitation" or "vocational rehabilitation services" means services that are provided by the commission or through a public or private agency *and that the* [executive] *director* [of the Commission for the Blind] *determines are necessary* to compensate a blind disabled individual for an employment handicap so that the individual may engage in a remunerative occupation. . . .
>
> (7) "Rehabilitation training" means all necessary training provided to a blind disabled individual to compensate for an employment handicap. . . .

TEX. HUM. RES. CODE ANN. § 91.051(6), (7) (Vernon 2001) (emphasis added).

The Commission, then, is charged to provide such services as it "determines are necessary to compensate a blind disabled individual for an employment handicap so that the individual may engage in a remunerative occupation." *Id.* § 91.051(6). Whether in a particular case the Commission has fulfilled that obligation is, however, a question dependent on the resolution of any number of factual issues, and is accordingly not a matter which an advisory legal opinion of this office can determine.[2]

The CCRC, about which you also inquire and with which Mr. Cole has had dealings, is the subject of chapter 162 of title 40 of the Texas Administrative Code. We note that the administrative rules governing the center include specific reference to appellate processes:

> A consumer who disagrees with an action taken by the Commission in the administration of its services at CCRC may use the appeals process established for the program from which the consumer was referred.

40 TEX. ADMIN. CODE § 162.3(d) (2001). Details of the appellate process are available from the CCRC's consumer handbook. *Id.* § 162.3(a). Further, we note that section 91.058 of the Human Resources Code provides that an aggrieved applicant for or recipient of services "is entitled to a hearing by the commission in accordance with law." TEX. HUM. RES. CODE ANN. § 91.058 (Vernon 2001).

---

[2]*See* Tex. Att'y Gen. Op. Nos. JC-0298 (2000) at 1 (stating that we cannot resolve fact dispute); JC-0020 (1999) at 2 (investigating and resolving fact questions "cannot be done in the opinion process"); DM-98 (1992) at 3 ("[Q]uestions of fact . . . cannot be resolved in the opinion process.").

## S U M M A R Y

The Texas Commission for the Blind is charged by statute to provide vocational rehabilitation services, defined as those "necessary to compensate a blind disabled individual for an employment handicap so that the individual may engage in a remunerative occupation." TEX. HUM. RES. CODE ANN. § 91.051(6) (Vernon 2001). Whether the Commission has provided adequate services in a particular case requires determinations of matters of fact, and is therefore not a question which can be answered in an advisory legal opinion by the Office of the Attorney General.

Very truly yours,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee